# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAELA LEE,

    Plaintiff(s),

v.

MVW OF NEVADA, INC.,

    Defendant(s).

Case No.: 2:19-cv-01724-RFB-NJK

**ORDER**

(Docket No. 16)

Pending before the Court is the parties' stipulation to extend discovery deadlines. Docket No. 16.

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril. The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of [the parties'] case. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (citation and quotation marks omitted).

A request to extend deadlines in the Court's scheduling order must be supported by a showing of "good cause" for the extension. Local Rule 26-4; *see also Johnson,* 975 F.2d at 608–09.[1] The good cause inquiry focuses mostly on the movant's diligence. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294–95 (9th Cir. 2000). Good cause to extend a discovery deadline exists "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609. While prejudice to the opposing party may also be considered, when the movant "fail[s] to show diligence, 'the inquiry should end.'" *Coleman*, 232 F.3d at 1295 (quoting *Johnson*, 975 F.2d at 609). The Court has broad discretion in supervising pretrial litigation. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

---

[1] The "good cause" standard in Local Rule 26-4 is the same as the standard governing modification of the scheduling order under Fed. R. Civ. P. 16(b).

1

The Court finds that the parties have not been diligently conducting discovery. The parties have not engaged in discovery—aside from initial disclosures and some written discovery—since November 15, 2019. Docket No. 16 at 2; *see also* Docket No. 11 (scheduling order). Nonetheless, due to the emergency created by the pandemic, the Court will grant this **one** extension.

For the reasons stated above, the Court **GRANTS** the parties' stipulation. Docket No. 16. The Court **SETS** the following deadlines:

- Amend pleadings/add parties:  June 30, 2020
- Initial experts:  June 30, 2020
- Interim status report:  June 30, 2020
- Rebuttal experts:  July 30, 2020
- Discovery cutoff:  October 30, 2020
- Dispositive motions:  November 20, 2020
- Joint Proposed Pretrial Order:  December 30, 2020[2]

IT IS SO ORDERED.

Dated:  March 25, 2020

Nancy J. Koppe
United States Magistrate Judge

---

[2] If dispositive motions are filed, this date will be suspended until 30 days after the dispositive motions are decided or further Court order.